CASES ARGUED AND DETERMINED

IN THE

# SUPPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1911.

J. D. DONALD *v*. FIRST NATIONAL BANK OF COMMERCE.

[54 South. 721.]

1. PRINCIPAL AND SURETY. *Change from principal to surety. Consideration.*

Where a surety on a promissory note desiring an extension of the same, agreed with a cosurety who objected to the extension that if he, the cosurety would allow the extension, he, the surety, would sign a new note as comaker and this was accordingly done, the surety signing as comaker cannot, so far as his original cosurety is concerned, deny his liability as a comaker of the new note.

2. SAME.

In such case the cancellation of the old note by the renewal and extension effected by the new note was sufficient consideration to bind the former surety as maker on the renewed note.

APPEAL from the circuit court of Forrest county.
HON. W. H. COOK, Judge.

Suit by the First National Bank of Commerce against J. D. Donald from a judgment for plaintiff. Defendant appeals.

The facts are fully stated in the opinion of the court.

*S. E. Travis* and *Jno. T. Haney,* for appellant.

*Stevens, Stevens & Cook* and *Watkins & Watkins,* for appellee.

The record in this case has been lost and the briefs of counsels cannot therefore be given.

(174)

MAYES, C. J., delivered the opinion of the court.

This case does not seem to us to present a question of any difficulty. The judgment of the court. below, in our opinion, is correct. The real issue presented by the record is substantially as follows: It seems that some time in July, 1907, Q. C. Orr borrowed three thousand dollars from the First National Bank and executed several promissory notes as evidence of the loan; the notes being indorsed by J. D. Donald and John B. Burkett. As to the above notes the liability of the indorser was the same. It appears that Orr made some payments on the above notes, both of principal and interest, and reduced the notes to the sum of two thousand, five hundred dollars; the notes being extended from time to time. After the notes were reduced to the above sum, Orr failed to make any further payments, and, the notes being due, the bank became insistent on their payment or renewal, and approached both Donald and Burkett on the subject, informing them that, unless the notes were paid or renewed, a suit would be instituted against the maker and indorsers, to recover same.

It is needless to follow the course of these negotiations. Suffice it to say that Donald was anxious for the note to be extended and a renewal note executed, but Burkett refused to consent to a further extension or renewal of the note unless Donald would change his relation to the note from a mere cosecurity with him to that of maker with Orr, leaving Burkett as surety for the two. This was the only condition upon which Burkett agreed or would agree to have the note extended. Donald assented to this, and became a comaker of the note, with Burkett as surety thereon, and after this was done the old note was surrendered and the new note took its place. It is contended by Donald that, at the time he signed the new note as maker, the cashier of the bank stated to him that, if he signed as maker, the liability of Burkett on the note would not be changed in any way, and that Burkett and himself would have the same lia-

bility to each other on the note as they before held. But Burkett was not bound to sign a renewal note, and he had emphatically stated that he would not sign the renewal note unless Donald would change his liability from that of cosurety with him to that of comaker of the note with Orr, and Donald consented to this and made the change by scratching his name off the back of the note, where he had formerly indorsed it, and signing as maker. In view of the fact that Donald induced an extension of the note on the part of Burkett by becoming a comaker, he cannot now deny, so far as Burkett is concerned, his liability on the note as such.

It is further contended that because Donald and Burkett were equally liable as sureties on the first note, which was surrendered when the renewal note was given, and because Donald received no consideration for changing his name from that of surety to joint maker, therefore his liability on the renewal note was not affected thereby, because there was no consideration to support it, and Burkett, being equally liable with him on the original note, is liable in the same way on the renewal note. We do not think this contention is a sound one. There was a consideration passing to Donald, the sufficiency of which was for him to pass on. That consideration was the cancellation of the old note by the renewal and extension effected by the new note.

We can find no error in this case, and it is affirmed.

*Affirmed.*